PER CURIAM.
Tomas P. Sando, a beneficiary under his brother’s will, appeals a final order denying his petition to reopen the estate.
When Martin Sando died in May 1982 his will provided that the residue of his estate go to his brother Tomas P. Sando of Seattle, Washington. Southeast Bank, the personal representative for Martin’s estate, was unable to locate Tomas and in June 1984 Southeast filed a petition for discharge. On August 8, 1984, the court ordered that the funds totalling $133,065.05, plus accrued interest be deposited in the registry of the court and disposed of pursuant to section 733.816, Florida Statutes (1985). Southeast deposited the funds and was discharged as personal representative on August 20, 1984.
A few months later an employee of a probate research firm located Tomas P. Sando in Seattle, Washington. Tomas filed a petition to reopen the estate on January 21, 1985, five months after it was closed, asserting that he was the brother and beneficiary under the will. The court denied the petition holding that the evidence produced was insufficient to reopen the estate.
The State’s argument on appeal is that the trial court correctly refused to reopen the estate because the evidence was insufficient to support the petition to reopen and even if the evidence was sufficient, the court properly refused to reopen the estate because section 733.816, Florida Statutes (1985), is the exclusive vehicle for asserting rights to unclaimed property after an estate is closed. We disagree.
Section 732.107(4), Florida Statutes (1985), provides:
(4) At any time within 10 years after the granting of letters, a person claiming to be entitled to the estate of the decedent may petition to reopen the administration and assert his rights to escheated property. If the claimant is entitled to any of the estate of the decedent, the court shall fix the amount to which he is entitled, and it shall be repaid to him with interest at the legal rate by the officials charged with the disbursement of state school funds. If no claim is *331 asserted within the time fixed, the title of the state to the property and the proceeds shall become absolute.
Under this section a person claiming entitlement to the estate may reopen the administration, prove that he is a person so entitled, and assert his rights to the property.
Section 733.816, Florida Statutes (1985), provides another vehicle for asserting rights to unclaimed property where an estate was closed with the whereabouts of a beneficiary unknown. Under that section unclaimed property remains in the registry of the court for a period of at least six months before it is deposited with the State Treasurer. Whether the funds are on deposit with the court or with the State Treasurer, a person claiming entitlement to the funds must petition the court, prove entitlement to the funds in an evidentiary hearing, and obtain a court order directing the depositary to pay. § 733.816(3) Fla.Stat. (1985). In either case a petition to reopen the estate must first be presented to the court.
In response to the State’s arguments we hold (1) on the petition presented the appellant was entitled to a full evidentiary hearing, (2) section 733.816 is not the exclusive vehicle for asserting rights to unclaimed property after an estate is closed, and (3) whether the proceeding is pursuant to section 733.816 or 732.107(4), a person claiming entitlement to the funds on deposit must petition the court, prove entitlement to the funds in an evidentiary hearing, and obtain an order of the court directing payment.
Reversed and remanded for further proceedings.